SHORT RECORD
NO. 15-8004
FILED 01/23/2015

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
No. _____

| | |
|---|---|
| YAHYA (JOHN) LINDH, on his own behalf and on behalf of those similarly situated, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| Appellants (Plaintiffs below), | |
| v. | No. 2:14-cv-151-JMS-WGH |
| DIRECTOR, FEDERAL BUREAU OF PRISONS, in his official capacity. | Hon. Jane Magnus-Stinson, Judge |
| Appellee (Defendant below). | |

**PETITION PURSUANT TO RULE 23(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR PERMISSION TO APPEAL DISTRICT COURT'S ORDER DENYING MOTION FOR CLASS CERTIFICATION**

I.    *Introduction*

1.    A recognized belief in Islam is that pants must be worn above the ankle. The Federal Bureau of Prisons ("BOP") has a formal policy that provides "Islamic inmates may not hem or wear their pants above the ankle."  Appellant Lindh is a BOP prisoner and is Muslim and wishes to wear his pants above the ankle, but is prohibited from doing so by the policy.  He has brought this action on his own behalf and on behalf of a nation-wide putative class of male Muslim prisoners confined within the BOP, although he has offered to redefine the class to include only those Muslim prisoners who have identified themselves, or who will identify themselves, as being religiously required to wear their pants above the ankle.  He seeks injunctive and declaratory relief only and seeks to certify the class

pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. In support of the class request Mr. Lindh submitted declarations from 45 other Muslim prisoners in the BOP, all of whom indicate a similar religiously required need to wear their pants above the ankle and all of them similarly burdened by the BOP policy. Despite this, the district court denied Mr. Lindh's request to certify the case as a class action in an order dated January 14, 2015. (Exhibit 1).  The decision – denying class certification alternatively because not all members of a religion share the same belief or because a class cannot be defined in terms of the class members' religious beliefs – is manifestly erroneous and retards the development of the law by making it impossible for classes to be certified when plaintiffs challenge impositions on religious beliefs and practices.

II.     *The facts necessary to understand the question presented by this request*

2.     Mr. Lindh filed his Class Action Complaint for Declaratory and Injunctive Relief on May 23, 2014, and his motion for class certification on June 5, 2014. (Exs. 2 and 3).

3.     The complaint alleges that the BOP's formal policy that explicitly states that "Islamic inmates may not hem or wear their pants above the ankle" imposes a substantial and unjustified burden on the religious practices of Mr. Lindh and all Muslim BOP prisoners in violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1. (Ex. 2)

4.     Mr. Lindh sought to certify a class defined as "all male Muslim prisoners confined within the Bureau of Prisons." (Ex. 3).

5.     The BOP Director filed his opposition to the class request on September 22, 2014 (Ex. 4), with a supporting declaration, arguing that not all Muslims believe that pants must be worn above the ankle.  Given this, the Director argued that the class was not sufficiently definite and that it could not be limited to Muslim prisoners who believed that they had to wear their pants above the ankle as this would not allow the class to be ascertained with reference to objective criteria.  (Ex. 4 at 4-8).   The Director further argued that Mr. Lindh had failed to demonstrate numerosity, commonality, or typicality, or that the proposed class satisfied the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure.  (Ex. 4 at 8-14).

6.     After discovery was conducted, Mr. Lindh filed his reply in support of his motion for class certification on December 29, 2014.  (Ex. 5).  The response established that Islamic verdicts, or *fatawas*, provide as follows: "It is an obligation upon the Muslim to make sure his clothing does not hang below the ankles, as . . . said: . . . 'Whatever hangs down below the ankles from the Izar [garment] will be in the Hell-fire'" and "'Whatever of the garment is below the ankles will be in the fire (of Hell).'"  (Ex. 5, Docket No. ("Dkt.") 26-33 at 4 and Dkt. 26-27 at 4).  Therefore, "[i]n accordance with this, a person must shorten his trousers or any other garment so that it is above the ankles." (Ex. 5, Dkt. 26-33 at 4). Indeed, even an Imam employed by the BOP confirmed that "[t]he shortening of 'Izar' . . . so that it does not drag on the ground is a rewardable deed as recommended by the Prophet (peace and blessing be upon him)" and that "[i]t may be the religious personal preference

for some followers of a particular school or methods [of Islam] to wear their pants above the ankle." (Ex. 5, Dkt. 16-1 ¶ 7).

7.     In his reply Mr. Lindh also presented facts showing that the BOP houses approximately 170,000 prisoners, 93% of who are male. (Ex. 5 at 2 [citing Dkt. 26-1, Dkt. 26-2]). Additionally, Mr. Lindh demonstrated that 6-7% of BOP prisoners identify themselves as Muslim. (Ex. 5 at 2 [citing Dkt. 26-3 ¶ 2]).

8.     Also attached to Mr. Lindh's reply in support his motion for class certification were 45 declarations from Muslim prisoners incarcerated in BOP facilities throughout the country, all of whom specify that they believe they are prohibited by their religion from wearing their pants below the ankles and all of whom are aware that BOP policy prevents them from satisfying the religious obligation to wear their pants above the ankle. (Ex. 5, Dkt. Nos. 26-4 to 26-48).

9.     In the class reply Mr. Lindh argued that the class as defined  – consisting of all male Muslim prisoners in the BOP – was sufficiently definite but if the Court had concerns it should redefine the class to be "all male Muslim confined within the Bureau of Prisons who have identified themselves, or who will identify themselves, to the Bureau of Prisons as being required to wear their pants above their ankles in order to exercise their religious beliefs." (Ex. 5 at 6). This latter class also is sufficiently definite.

10.     Regardless of whether the class was defined as originally proposed or as narrowed in the class reply, Mr. Lindh argued in his reply that all the explicit requirements of Rule 23(a) of the Federal Rules of Civil Procedure are met as well

as the requirement of Rule 23(b)(2) that the Director of the BOP had "acted or reused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

III.    *The decision of the district court*

11.    In its decision the district court concluded that the class defined to include all male Muslim BOP prisoners was not sufficiently definite because Mr. Lindh had not demonstrated that all Muslims believe that pants must be worn above the ankles. (Ex. 1 at 6).  The district court further held that a class consisting of male Muslim prisoners who identify themselves as having this belief cannot be certified because such a class would not be ascertainable by reference to objective criteria. (Ex. 1 at 7).

12.    The district court stated further, concerning the numerosity requirement of Rule 23(a)(1), that "although the Court has concluded that Mr. Lindh has not proposed a sufficiently definite class, he has submitted evidence to show that his proposed class meets the numerosity requirement of Rule 23." (Ex. 1 at 8-9).

13.    The district court found that neither the class as originally defined nor as redefined met the commonality and typicality requirements of Rule 23.  (Ex. 1 at 9-11).  The class defined in terms of all Muslim BOP male prisoners was deemed to be defined too broadly in the district court's estimation to meet these requirements. (*Id.*).  And, the proposed class consisting of prisoners who identified, or would

identify, themselves as being required by Islam to wear pants above the ankle was deemed to not meet these requirements because only a small number of prisoners asserted that they had been disciplined for violating the policy, although all declarants indicated that BOP policy prohibited them from complying with this religious requirement. (Ex. 1 at 11).

14.    Because commonality and typicality was not met, the district court concluded that the adequacy requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure was not met as well. (Ex. 1 at 12).

15.    Finally, the district court concluded that the requirements of Rule 23(b)(2) were not met because not all Muslims share the belief that pants must be worn above the ankle and also because although Mr. Lindh and two other declarants were disciplined for wearing their pants above the ankle, other declarants were not. (Ex. 1 at 13-14).

IV.    *The question presented by the petition*

16.    This petition presents the question of whether the trial court's decision denying certification of this case as a nation-wide class action pursuant to Rule 23(b)(2) is erroneous and whether it should be reviewed at this time under Rule 23(f) of the Federal Rules of Civil Procedure.

V.    *The factors for consideration of a Rule 23(f) appeal*

17.    In one of the first appellate cases interpreting the grant to appellate courts of the authority to consider issues regarding class certification pursuant to

Rule 23(f) of the Federal Rules of Civil Procedure, this Court noted that the appellate court has unfettered discretion in hearing such appeals and that there are no bright lines or specific factors that identify when such an appeal should be allowed. *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 833-34 (7th Cir. 1999) (citing in part to the Committee Note accompanying Rule 23(f)).

18.     Nevertheless, the Court in *Equifax* identified three general factors that could influence an appellate court's decision to hear such an appeal.  These are whether: (1) "the denial of class status sounds the death knell of the litigation, because the representative plaintiff's claim is too small to justify the expense of litigation," (2) the claims, if prosecuted as a class, are so large that "a grant of class status can put considerable pressure on the defendant to settle, even where the plaintiff's probability of success on the merits is slight," and, (3) the appeal "may facilitate the development of the law." *Id.* at 834-35.

19.     Subsequent to the Court's explication of the law in *Equifax* many circuits have further noted that a Rule 23(f) appeal may be granted "when the district court's decision is manifestly erroneous . . . We see no reason for a party to endure the costs of litigation when a certification decision is erroneous and inevitably will be overturned." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005).  This standard means that the error "must be truly 'manifest,' meaning easily ascertainable from the petition itself." *Id.*; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1263-64 (10th Cir. 2009) (a Rule 23(f) appeal may be available when the class determination by the trial court is manifestly erroneous –

"where the deficiencies of a certification order are both significant and readily ascertainable." *Id.* at 1264); *In re: Lorazepam & Clorazepate Antitrust Litigation,* 289 F.3d 98, 105 (D.C. Cir. 2002) (Rule 23(f) review is available "when the district court's class certification decision is manifestly erroneous."); *Newton v. Merrill Lynch, Pierce, Fenner & Smith,* 259 F.3d 154, 165 (3d Cir. 2001) (A Rule 23(f) appeal is appropriate to address "an erroneous ruling."); *Lienhart v. Dryvit Systems, Inc.*, 255 F.3d 138, 145 (4th Cir. 2001) ("[A] careful and sparing use of Rule 23(f) may promote judicial economy by enabling the correction of certain manifestly flawed class certifications prior to trial and final judgment."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000) ("[A] court should consider whether the petitioner has shown a *substantial* weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion.") (emphasis in original).

20.    This Court has also stressed that review under Rule 23(f) is appropriate not only where it is demonstrated that immediate review would promote the development of the law "but also that the district court committed an error best handled by a swift remand.  It is better to act summarily on this interlocutory matter than to delay the proceedings during full-dress appellate review." *Allen v. International Truck & Engine Corp.*, 358 F.3d 469, 470 (7th Cir. 2004).

V.    *Review should be allowed at this juncture to facilitate the development of the law and to correct the district court's manifest error*

21.     If a plaintiff seeks class action relief to challenge a policy that allegedly unlawfully impinges on his or her religious beliefs or practices, whether the cause of action is based on a violation of the First Amendment, RFRA, or the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.,* the class can be defined in only one of two ways. Either it will be defined to include all religious adherents (*e.g.,* "all Jewish persons"), or it will be defined in terms of the belief or practice of the adherents that is impinged upon (*e.g.*, "all Jewish persons who have a religious belief that they must follow kosher dietary laws.").

22.     However, the district court's interpretation of Rule 23 precludes either class from ever being certified.  The definition containing all religious adherents fails, in the district court's estimation, because not all adherents of the religion may hold the belief in question (Dkt. 27 at 6), which is invariably true of any religious belief of any religious group.  And, the district court's decision necessarily means that a class defined in terms of the belief or practice in question will always fail because, according to the district court, class membership is based on a putative class member's state of mind. (Dkt. 27 at 7).

23.     The district court's decision has therefore resulted in the anomalous result of having a requested class that concededly meets the numerosity requirement (Dkt. 27 at 7-9), fail certification despite the fact that the BOP has an explicit, uniform, written policy directed to all members of the class.

24.     The district court's decision is clearly erroneous.  Given that the "possibility or indeed inevitability" that "a class will often include persons who have

not been injured by the defendant's conduct" simply "does not preclude class certification," *Kohen v. Pacific Investment Mgt. Co. LLC,* 571 F.3d 672, 677 (7th Cir. 2009), the district court's refusal to certify a class of all male Muslim BOP prisoners is erroneous.

25.    The district court's refusal to certify the alternatively proposed class of those Muslim prisoners within the BOP who identify themselves as being required to wear their pants above the ankle in order to exercise their religious beliefs is also clearly erroneous. Given that Mr. Lindh and 45 other BOP Muslim prisoners have identified themselves as needing to wear pants above the ankle to conform to their religious beliefs, a class consisting of these persons and those who have identified, or will similarly identify, themselves is sufficiently definite to satisfy the requirement that the class proponent demonstrate that a class exists. *Simer v. Rios,* 661 F.2d 655, 669 (7th Cir. 1981). The class is not contingent on the unknown state of mind of prisoners. It is instead defined in terms of a common religious belief shared by prisoners, all of whom, as the BOP knows, are Muslim.[1]

26.    The district court's decision may seriously retard the development of the law in this area as it is an absolute bar to the certification of any class action that challenges impingement on religious beliefs and practices. Moreover, to the

---

[1]    To the extent that the district court concluded that a class was inappropriate because only Mr. Lindh and two of the declarants specified that they had been disciplined for violating the policy the conclusion is also clearly erroneous as all declarants are subject to the challenged rule, meaning their claims all arise from a common scheme, thereby assuring that their claims are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

extent that this case seeks certification on behalf of a nation-wide class, the district court's decision may discourage other courts from allowing a class action to challenge the BOP's rule. It would promote the development of the law to allow an immediate appeal at this juncture.

27.     Moreover, the district court's decision is clearly erroneous.

28.     Therefore, this petition should be granted and the appeal of the class denial in this case allowed at this time as "it is better to act summarily on this interlocutory matter than to delay the proceedings during full-dress appellate review." *Allen*, 358 F.3d at 470.

V.     *Relief sought*

29.     Appellant requests that this Court allow an immediate appeal from the district court's decision denying class certification and that, after briefing, this Court reverse the district court's determination and order that a class be certified in this case pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

WHEREFORE, appellant requests that this Court allow an immediate appeal of the district court's January 14, 2015 decision denying class certification in this case, and for all other proper relief.

s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
*Counsel of Record*

11

s/ Gavin M. Rose

Gavin M. Rose
No. 26455-53
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Attorneys for Appellant and
the Putative Class

Certificate of Service

I hereby certify that on this 26th day of January, 2015, I emailed this petition and its exhibits to the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit at USCA7_Clerk@ca7.uscourts.gov and on the same date served the below-named counsel by first-class U.S. postage pre-paid and via email.

Thomas Kieper
Assistant United States Attorney
10 West Market St.
Indianapolis, IN 46204
tom.kieper@usdoj.gov

Jonathan Bont
Assistant United States Attorney
10 West Market St.
Indianapolis, IN 46204
jonathan.bont@usdog.gov

/s/ Kenneth J. Falk

Kenneth J. Falk
Attorney at Law

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YAHYA (JOHN) LINDH, *on his own behalf and on behalf of those similarly situated*, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | ) ) No. 2:14-cv-151-JMS-WGH |
| DIRECTOR, FEDERAL BUREAU OF PRISONS, *in his official capacity*. | ) ) ) |
| *Defendant*. | ) ) |

**ORDER ON MOTION FOR CLASS CERTIFICATION**

Presently pending before the Court is Plaintiff Yahya (John) Lindh's Motion to Certify Class. [Filing No. 6.] Mr. Lindh is a prisoner in the Communications Management Unit ("CMU") of the Terre Haute Federal Correctional Institution. [Filing No. 1 at 1.] He brings a claim against Defendant pursuant to the Religious Freedom Restoration Act ("RFRA"), seeking injunctive relief from Defendant's policy that "Islamic inmates may not hem or wear their pants above the ankle." [Filing No. 1 at 1.] Mr. Lindh seeks to represent a class defined as "all male Muslim prisoners confined within the Bureau of Prisons." [Filing No. 1 at 2.] Alternatively, he proposes a narrowed class that includes all male Muslim prisoners confined within the Bureau of Prisons who identify, or will identify, themselves as being required by their religious beliefs to wear their pants above the ankle. [Filing No. 26 at 6.] Defendant opposes class certification. [Filing No. 16.] For the reasons that follow, the Court denies Mr. Lindh's Motion to Certify Class. [Filing No. 6.]

**I.**

**STANDARD OF REVIEW**

It is the plaintiff's burden to prove that the class should be certified. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The Court "may certify a class of plaintiffs if the putative

1

class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b)." *Id.* The plaintiff also must show that the class is "indeed identifiable as a class." *Id.*

The primary question when ruling on class certification is "whether plaintiff is asserting a claim which, assuming its merit, will satisfy the requirements of Rule 23." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). But Rule 23 "does not set forth a mere pleading standard." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014), *reh'g denied*. "Rather, when factual disputes bear on issues vital to certification . . . the court must receive evidence and resolve the disputes before deciding whether to certify the case." *Id.*; *see also Szabo*, 249 F.3d at 676 (when deciding whether to certify a class, the Court must "make whatever factual and legal inquiries are necessary under Rule 23" to resolve contested issues).

Mr. Lindh seeks to certify a class and obtain injunctive relief in this action pursuant to Rule 23(b)(2). [Filing No. 7 at 2.] Members of a Rule 23(b)(2) class do not receive notice and cannot opt out. *Rahman v. Chertoff*, 530 F.3d 622, 626 (7th Cir. 2008). A class may be certified under that section "only if the party opposing the class acted or refused to act on grounds that apply generally to the class." *Id.* at 627.

## II.
### BACKGROUND

Mr. Lindh is a prisoner housed in the CMU of the Terre Haute federal prison. [Filing No. 1 at 1; Filing No. 15 at 1 (admitting allegation).] It is the policy of the Federal Bureau of Prisons ("BOP") that inmates may not hem or wear their pants above the ankle. [Filing No. 1 at 1; Filing No. 15 at 1 (admitting that "it is the policy of the [BOP] that inmates may not hem or wear their pants above the ankle").] Mr. Lindh is Muslim and alleges that "it is a clear tenant of Islam that Muslim men are prohibited from wearing pants below their ankles." [Filing No. 1 at 1; Filing No.

15 at 1 (denying this allegation).]  Mr. Lindh has been disciplined for wearing his pants above his

ankles.  [Filing No. 1 at 4; Filing No. 15 at 4 (admitting allegation).]  Mr. Lindh has exhausted his

administrative remedies without Defendant altering the policy at issue.  [Filing No. 1 at 4; Filing

No. 15 at 4 (admitting allegation).]

     In May 2014, Mr. Lindh filed a putative class action against Defendant.  [Filing No. 1.]  He

contends that Defendant's policy of not allowing him to wear his pants above the ankle imposes a

substantial and unjustified burden on his religious exercise, violating RFRA.  [Filing No. 1 at 1

(citing 42 U.S.C. § 2000bb-1).]  He seeks injunctive relief from the challenged policy on behalf of

himself and the putative class members.  [Filing No. 1 at 1.]  Mr. Lindh proposes a class defined

as "all male Muslim prisoners confined within the Bureau of Prisons."  [Filing No. 1 at 2.]  He

now requests that the Court certify his proposed class, [Filing No. 6], which Defendant opposes,

[Filing No. 16].

### III.
#### DISCUSSION

     In addition to the class certification prerequisites specifically enumerated in Federal Rule

of Civil Procedure 23, it is the plaintiff's burden to prove "that the class is indeed identifiable as a

class." *Oshana*, 472 F.3d at 513.  The Court will address that requirement first, and then turn to

the other class certification requirements set forth in Rule 23.

#### A.  Whether an Identifiable Class Exists

     In his opening brief, Mr. Lindh proposes a class of "all male Muslim prisoners confined

within the Bureau of Prisons."  [Filing No. 7 at 2.]  He contends that this proposed class is

identifiable and may be obtained by reference to objective criteria.  [Filing No. 7 at 3.]  Although

Mr. Lindh acknowledges that a class "cannot be made up of membership contingent on any specific

state of mind," he contends that his proposed class it still identifiable because it "is based on an

objective criterion that is administratively feasible—the religious preference noted by male prisoners within the BOP." [Filing No. 7 at 3.]

In response, Defendant disagrees that Mr. Lindh's proposed class is sufficiently identifiable. [Filing No. 16 at 4-8.] Defendant claims that not all Muslims hold the same theological views regarding the required length of their pants. [Filing No. 16 at 5.] As support, Defendant submits an affidavit from Osama Said, a religious leader of the Muslim faith employed by the BOP. [Filing No. 16-1.] Because Mr. Said attests that not all Muslims hold the same theological views on this issue, Defendant argues that Mr. Lindh's proposed class "sweeps too broadly" and cannot be properly defined by objective criteria because the claim at issue hinges on inherently subjective questions regarding sincerely held religious beliefs. [Filing No. 16 at 5-6.]

In reply, Mr. Lindh emphasizes that Defendant has not submitted any evidence from Muslims incarcerated in the BOP who do not believe that they have to wear their pants above their ankles. [Filing No. 26 at 4.] He concedes that it is "certainly possible that there are a number who would continue to wear their pants long even if Mr. Lindh prevails in this action," but he argues that "[e]very Muslim prisoner is potentially harmed by the challenged policy." [Filing No. 26 at 4-5.] Mr. Lindh also points out that his proposed class could easily be redefined as "all male Muslims confined within the Bureau of Prisons who have identified themselves, or who will identify themselves, to the Bureau of Prisons as being required to wear their pants above their ankles in order to exercise their religious beliefs." [Filing No. 26 at 6.]

To obtain class certification, "[t]he plaintiff must . . . show . . . that the class is indeed identifiable as a class." *Oshana*, 472 F.3d at 513. When "there is no way to know or readily ascertain who is a member of the class," the class "lacks the definiteness required for class certification." *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 495 (7th Cir. 2012).

"A sufficiently definite class exists if its members can be ascertained by reference to objective criteria." *Wallace v. Chicago Hous. Auth.*, 224 F.R.D. 420, 425 (N.D. Ill. 2004) (citation omitted). "Cases have recognized the difficulty of identifying class members whose membership in the class depends on each individual's state of mind." *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981); *see also Wallace*, 224 F.R.D. at 425 ("A class description is insufficient, however, if membership is contingent on the prospective member's state of mind."). The class definition must be sufficiently precise to make it "administratively feasible for the Court to determine whether a particular individual is a member of the proposed class." *Wallace*, 224 F.R.D. at 425. The Seventh Circuit Court of Appeals has rejected certifying "across-the-board classes" pursuant to Rule 23(b)(2) as "a vehicle for nationwide injunctive relief." *Rahman v. Chertoff*, 530 F.3d 622, 626 (7th Cir. 2008); *see also Jamie S.*, 668 F.3d at 496 (noting that previous "tolerance of a wildly indefinite class definition under Rule 23 is no longer the norm. We have noted that . . . is a relic of a time when the federal judiciary thought that structural injunctions taking control of executive functions were sensible. That time is past.") (quotation omitted).

Mr. Lindh asserts a RFRA claim regarding Defendant's policy that he may not wear his pants above his ankles. [Filing No. 1.] RFRA "prohibits the federal government from placing substantial burdens on 'a person's exercise of religion' unless it can demonstrate that applying the burden is the 'least restrictive means of furthering . . . [a] compelling governmental interest.'" *Korte v. Sebelius*, 735 F.3d 654, 682 (7th Cir. 2013) (quoting 42 U.S.C. § 2000bb-1(a)-(b)), *cert. denied*. At a minimum, a substantial burden exists when the government compels a religious person to "perform acts undeniably at odds with fundamental tenets of [his] religious beliefs." *Korte*, 735 F.3d at 682 (citing *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972)). "Checking for sincerity and religiosity is important to weed out sham claims." *Korte*, 735 F.3d at 683.

The Court agrees with Defendant that Mr. Lindh's proposed class definition is not sufficiently definite.  He seeks to represent a class of "all male Muslim prisoners confined within the Bureau of Prisons," [Filing No. 6 at 1], but there is evidence in the record from a Muslim religious leader that there "is no uniformity of opinion or practice in the Muslim jurisprudence regarding the claims made by [Mr.] Lindh" regarding the required pant length, [Filing No. 16-1 at 3].  The Court recognizes that Mr. Lindh submitted numerous declarations with his reply brief from other Muslim inmates attesting that they also believe that they are required by Islam to wear their pants above their ankles.[1]  [*See* Filing No. 26-4 to Filing No. 26-48.]  But Defendant has not disputed that Mr. Lindh and other prisoners may hold a sincerely held religious belief regarding the length of their pants.  Instead, Defendant contends, and submits supporting evidence, that not all Muslims hold this same belief.  The affidavits submitted with Mr. Lindh's reply do not address this point, which is crucial since Mr. Lindh seeks to represent a class of "*all* male Muslim prisoners confined within the [BOP]" and it is his burden to prove that the class should be certified.  [Filing No. 6 at 1 (emphasis added).]  If the Court were to certify a class that included prisoners who did not sincerely hold the religious belief at issue, the class would improperly include members who could not prove an element of the asserted RFRA claim.  *See Oshana*, 472 F.3d at 513-14 (affirming district court's decision not to certify class because some members of proposed class would be unable to prove elements of claim).  Thus, certification is inappropriate.

---

[1] The Court reminds counsel that new evidence should not be submitted with a reply and that it may be stricken.  *Silver Streak Indus., LLC v. Squire Boone Caverns, Inc.*, 2014 WL 220682, at *1 (S.D. Ind. 2014).  Mr. Lindh may believe that he was replying to arguments raised in Defendant's response, but the Court finds that to be a risky position here, particularly since it is a plaintiff's burden to prove that a class should be certified.  Mr. Lindh's opening brief was rather pro forma, stating conclusions but supported by little evidence.  Reply is not the time to provide the evidentiary support that is required in the first place.  Nevertheless, Defendant did not object, and the Court will consider the belated declarations in this case, however, because they does not affect the ultimate result of the Mr. Lindh's motion.

In his reply brief, Mr. Lindh alternatively proposes redefining the class definition to include "all male Muslims confined within the [BOP] who have identified themselves, or who will identify themselves, to the [BOP] as being required to wear their pants above their ankles in order to exercise their religious beliefs." [Filing No. 26 at 6.] This narrowed definition, however, still fails because class membership would be based on a putative class member's state of mind. As Mr. Lindh acknowledges in his opening brief, a class "cannot be made up of membership contingent on any specific state of mind." [Filing No. 7 at 3 (citing case law).] Mr. Lindh also acknowledges in his opening brief that the "class must be ascertainable by reference to objective criteria." [Filing No. 7 at 3 (citing case law).] There is no evidence in the record, however, that members of the narrowed class would be ascertainable by reference to objective criteria—*i.e.*, that male Muslim prisoners ever specifically disclose to the BOP their position as to whether their understanding of Islam requires them to wear their pants above their ankles. In fact, the parties' Stipulation regarding the BOP's inability to produce information regarding the number of male Muslim prisoners who have been disciplined for wearing their pants above the ankle suggests otherwise. [Filing No. 25.] Because Mr. Lindh has not proposed a sufficiently definite class, his request for class certification must be denied.

**B. Federal Rule of Civil Procedure 23(a)**

Although the Court has already concluded that Mr. Lindh has not proposed a sufficiently definite class for purposes of certification, it will summarily address the other certification factors set forth in Rule 23.

*1) Numerosity*

Mr. Lindh contends that his putative class is so numerous that joinder of all members is impracticable. [Filing No. 7 at 3-5.] He asserts that there are more than 174,000 prisoners in BOP

custody, that more than 93% are male, and that approximately 6% are Muslim. [Filing No. 7 at 4.] Thus, Mr. Lindh calculates that there are approximately 9,709 members of the putative class he seeks to represent—all male Muslim prisoners confined within the BOP. [Filing No. 7 at 4.]

In response, Defendant argues that Mr. Lindh has not shown numerosity. [Filing No. 16 at 8-10.] He relies on his arguments regarding the lack of ascertainability of the class, specifically that because it is not ascertainable, numerosity should not be presumed just because Mr. Lindh asserts a civil rights claim seeking injunctive relief. [Filing No. 16 at 9-10.]

In reply, Mr. Lindh submits declarations from 45 Muslim prisoners who he contends share his religious belief that they should not wear pants below their ankles, but that the BOP policy at issue requires them to do so. [Filing No. 26 at 10 (referencing Filing No. 26-4 to Filing No. 26-48).]

The Court can only certify a class that "is so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." McCabe v. Crawford & Co., 210 F.R.D. 631, 644 (N.D. Ill. 2002) (collecting cases); Hubler Chevrolet, Inc. v. GMC Corp., 193 F.R.D. 574, 577 (S.D. Ind. 2000). Geographic dispersion is one of the factors considered when evaluating the impracticability of joinder of all class members. Young v. Magnequench Int'l, Inc., 188 F.R.D. 504, 506 (S.D. Ind. 1999).

The 45 declarations submitted by Mr. Lindh confirm that there are Muslim inmates geographically dispersed throughout the United States who share Mr. Lindh's sincerely held religious belief that they are required to wear their pants above the ankle. [See Filing No. 26-4 to Filing No. 26-48.] Thus, although the Court has concluded that Mr. Lindh has not proposed a

sufficiently definite class, he has submitted sufficient evidence to show that his proposed class meets the numerosity requirement of Rule 23.

### 2) Commonality & Typicality

Mr. Lindh argues that his claim presents a common question of law—whether the Defendant's policy regarding pants length violates RFRA.  [Filing No. 7 at 6-7.]  Mr. Lindh contends that his claim is typical of the claims of the putative class members who he seeks to represent because "[t]here is a uniform policy affecting all class members."  [Filing No. 7 at 7.]

In response, Defendant applies his arguments regarding the lack of ascertainability to the commonality and typicality requirements.  [Filing No. 16 at 10-12.]  Defendant argues that Mr. Lindh cannot show commonality because "he cannot show that the class claims arise from the same legal or remedial theory."  [Filing No. 16 at 11.]  Defendant specifically contends that "he has not shown (and cannot show) that the policy similarly burdens the religious practices of all Muslims in the Bureau of Prisons."  [Filing No. 16 at 11.]  Defendant argues that Mr. Lindh cannot satisfy typicality for similar reasons because the proposed class members do not necessarily have the same beliefs as Mr. Lindh; thus, his claim is not typical because some of the putative class members would have no injury.  [Filing No. 16 at 12-13.]

In reply, Mr. Lindh claims that if his proposed class is amended to only include male Muslim prisoners who identify, or will identify, themselves as being required by their religious beliefs to wear their pants above the ankle, typicality and commonality are met.  [Filing No. 26 at 11-12.]  He emphasizes that Defendant's policy "is a common scheme affecting all class members and the class and Mr. Lindh have the same essential characteristics."  [Filing No. 26 at 11.]

A class action requires "questions of law or fact common to the class," Fed. R. Civ. Pro. 23(a)(2), and the plaintiff's claims or defenses must be "typical of the claims or defenses of the

class[,]" Fed. R. Civ. Pro. 23(a)(3).  Commonality is satisfied when there is a "common nucleus

of operative fact," that is, a "common question which is at the heart of the case." *Rosario v.*

*Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted).  All questions of fact or law need

not be identical; rather, the requirement is satisfied as long as the class claims arise out of the same

legal or remedial theory.  *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 167 (S.D.

Ind. 2009).  The commonality and typicality requirements tend to merge because both "serve as

guideposts for determining whether under the particular circumstances maintenance of a class

action is economical and whether the named plaintiff's claim and the class claims are so

interrelated that the interests of the class members will be fairly and adequately protected in their

absence." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982).  Although

typicality may exist even if there are factual distinctions between the claims of the named plaintiffs

and other class members, the requirement "directs the district court to focus on whether the named

representatives' claims have the same essential characteristics as the claims of the class at large."

*Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citation omitted).  "[S]uperficial common

questions—like . . .  whether each class member 'suffered a violation of the same provision of

law'—are not enough." *Jamie S.*, 668 F.3d at 497 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131

S.Ct. 2541, 2551 (2011)).  Rather, commonality requires "that the class members have suffered

the same injury," *Jamie S.*, 668 F.3d at 497, and typicality requires that plaintiff's claims or

defenses must be "typical of the claims or defenses of the class[,]" Fed. R. Civ. Pro. 23(a)(3).

The Court agrees with Defendant that deficiencies in the ascertainability of Mr. Lindh's

proposed class adversely affect the existence of commonality and typicality as well.  The

superficial common question of law that Mr. Lindh proposes—whether Defendant's policy

regarding the length of Muslim prisoners' pants violates RFRA—is insufficient because he seeks

to represent all male Muslim prisoners housed by the BOP and the undisputed evidence in the record is that not all male Muslim prisoners share his religious belief on this issue. [Filing No. 16-1.] Commonality requires "that the class members have suffered the same injury," *Jamie S.*, 668 F.3d at 497, but that cannot happen with the original class that Mr. Lindh proposes. Accordingly, Mr. Lindh has not met his burden to show that his proposed class meets the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a)(3).

The Court also concludes that Mr. Lindh's narrowed class definition—all male Muslims confined within the BOP who have identified themselves, or who will identify themselves, to the BOP as being required to wear their pants above their ankles in order to exercise their religious beliefs—still does not meet the commonality and typicality requirements. Analyzing individualized factors to determine the parameters of individual claims is the antithesis of typicality. *See Puffer v. Allstate Ins. Co.*, 255 F.R.D. 450, 469 (N.D. Ill. 2009) ("Where, as here, a court would have to examine numerous individualized factors to determine the parameters of individual claims, the typicality requirement is not met.") (citing *Payton v. Cnty. of Carroll*, 473 F.3d 845, 854 (7th Cir. 2007)). Additionally, Mr. Lindh has been disciplined for wearing his pants above his ankles. [Filing No. 1 at 4; Filing No. 15 at 4 (admitting allegation).] But of the 45 declarations that he submits from other prisoners, only two assert that they have also been disciplined for violating the policy at issue. [Filing No. 26-29; Filing No. 26-39.] Thus, Mr. Lindh's claim may not "have the same essential characteristics as the claims of the class at large" because he may be entitled to relief that differs from most putative class members. *Muro*, 580 F.3d at 492. For these reasons, the Court concludes that even considering the narrowed class definition that Mr. Lindh proposes, he has failed to satisfy the commonality and typicality requirements of Rule 23.

### 3) Adequacy of Representation

Federal Rule of Civil Procedure 23(a)(4) requires the Court to find that "the representative parties will fairly and adequately protect the interests of the class." Mr. Lindh asserts that he and his counsel are adequate representatives for this class action. [Filing No. 7 at 7-8.] Defendant does not object in his response. [Filing No. 16.]

The adequacy inquiry is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest[s] of the class members." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (citation and quotation marks omitted). To adequately represent the class, the representative plaintiff "must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation and quotation marks omitted).

The Court has no reason to doubt the adequacy of Mr. Lindh's counsel. However, "[t]he adequacy-of-representation requirement tend[s] to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 626 n.20 (citation and quotation marks omitted). For the same reasons the Court concluded that the commonality and typicality criteria are not met, the Court concludes that Mr. Lindh has not met his burden with this factor.

### C.  Federal Rule of Civil Procedure 23(b)(2)

Federal Rule of Civil Procedure 23(b)(2) provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Pro. 23(b)(2). Mr. Lindh claims that his proposed class should be certified pursuant to this rule. [Filing No. 7 at 8.] Defendant disagrees. [Filing No. 16 at 13-14.]

The requirements of Rule 23(a) are "prerequisites" to certification under Rule 23(b). Szabo, 249 F.3d at 676. "The key to the [Rule](b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Wal-Mart, 131 S. Ct. at 2557 (citation and quotation marks omitted). Moreover, "[t]he injunctive or declaratory relief sought must be final to the class as a whole." Jamie S., 668 F.3d at 499 (citation and quotation marks omitted). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." Wal-Mart, 131 S. Ct. at 2557.

The Court already has concluded that Mr. Lindh has not carried his burden to identify a sufficiently definite class and has failed to meet three of the four requirements under Rule 23(a). This weighs against certification pursuant to Rule 23(b)(3) since the requirements of Rule 23(a) are "prerequisites." Szabo, 249 F.3d at 676. Mr. Lindh maintains, however, that because he "seeks injunctive relief to prevent future alleged illegal deprivations of civil rights," he asserts a "prime example" of a proper class under Rule 23(b)(2). [Filing No. 26 at 13 (citing Ind. Prot. & Advocacy Servs. Comm'n v. Comm'r, Indiana Dep't of Corr., 2010 WL 1737821, at *2 (S.D. Ind. 2010)).] While at first blush Mr. Lindh appears to seek injunctive relief from a uniform policy that applies to the putative class members, the undisputed evidence is that not all Muslims share the religious

belief at issue, class membership would be contingent on a specific state of mind, and the class members would not be ascertainable by reference to objective criteria.  It is also undisputed that Mr. Lindh has been disciplined for wearing his pants above his ankles, [Filing No. 1 at 4; Filing No. 15 at 4 (admitting allegation)], but that only two of the 45 declarants assert that they have also been disciplined for violating the policy at issue, [Filing No. 26-29; Filing No. 26-39].  Thus, it is possible that Mr. Lindh may be entitled to certain relief that most other putative class members are not.  For these reasons, the Court concludes that certification under Rule 23(b)(2) is inappropriate.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Mr. Lindh's Motion to Certify Class. [Filing No. 6.]  The Court requests that the assigned Magistrate Judge set a case management conference with the parties.  The Court also requests that the Clerk docket the applicable Practices and Procedures in this action.

January 14, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF**:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

Thomas Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

**U.S. District Court**
**Southern District of Indiana (Terre Haute)**
**CIVIL DOCKET FOR CASE #: 2:14−cv−00151−JMS−WGH**

LINDH v. DIRECTOR, FEDERAL BUREAU OF PRISONS
Assigned to: Judge Jane Magnus−Stinson
Referred to: Magistrate Judge William G. Hussmann, Jr
Cause: Civil Miscellaneous Case

Date Filed: 05/23/2014
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**YAHYA (JOHN) LINDH**

represented by **Kenneth J. Falk**
ACLU OF INDIANA
1031 East Washington Street
Indianapolis, IN 46202−3952
(317) 635−4059 x104
Fax: (317) 635−4105
Email: kfalk@aclu−in.org
*ATTORNEY TO BE NOTICED*

**Gavin Minor Rose**
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN 46202
317−635−4059 ext.106
Fax: 317−635−4105
Email: grose@aclu−in.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DIRECTOR, FEDERAL BUREAU OF PRISONS**

represented by **Jonathan A. Bont**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317−229−2402
Fax: 317−226−5027
Email: jonathan.bont@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Thomas E. Kieper**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 226−6333
Fax: (317) 226−6125
Email: tom.kieper@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2014 | 1 | COMPLAINT *for Declaratory and Injunctive Relief (Class Action)* against DIRECTOR, FEDERAL BUREAU OF PRISONS, filed by YAHYA (JOHN) LINDH. (Filing fee $400, receipt number 0756−3066094) (Attachments: # 1 Exhibit A (Grievances), # 2 Civil Cover Sheet, # 3 Proposed Summons)(Rose, Gavin) (Entered: 05/23/2014) |

| 05/23/2014 | 2 | NOTICE of Appearance by Gavin Minor Rose on behalf of Plaintiff YAHYA (JOHN) LINDH. (Rose, Gavin) (Entered: 05/23/2014) |
| --- | --- | --- |
| 05/27/2014 | 3 | NOTICE of Appearance by Kenneth J. Falk on behalf of Plaintiff YAHYA (JOHN) LINDH. (Falk, Kenneth) (Entered: 05/27/2014) |
| 05/27/2014 | 4 | Summons Issued as to DIRECTOR, FEDERAL BUREAU OF PRISONS. (RSF) (Entered: 05/27/2014) |
| 05/27/2014 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (RSF) (Entered: 05/27/2014) |
| 06/05/2014 | 6 | MOTION to Certify Class , filed by Plaintiff YAHYA (JOHN) LINDH. (Falk, Kenneth) (Entered: 06/05/2014) |
| 06/05/2014 | 7 | BRIEF/MEMORANDUM in Support re 6 MOTION to Certify Class , filed by Plaintiff YAHYA (JOHN) LINDH. (Falk, Kenneth) (Entered: 06/05/2014) |
| 07/21/2014 | 8 | NOTICE of Appearance by Jonathan A. Bont on behalf of Defendant DIRECTOR, FEDERAL BUREAU OF PRISONS. (Bont, Jonathan) (Entered: 07/21/2014) |
| 07/21/2014 | 9 | NOTICE of Appearance by Thomas E. Kieper on behalf of Defendant DIRECTOR, FEDERAL BUREAU OF PRISONS. (Kieper, Thomas) (Entered: 07/21/2014) |
| 07/21/2014 | 10 | MOTION for Extension of Time to September 22, 2014 *to Answer, or Otherwise Plead*, filed by Defendant DIRECTOR, FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Text of Proposed Order)(Kieper, Thomas) (Entered: 07/21/2014) |
| 07/22/2014 | 11 | SUMMONS Returned Executed by All Plaintiffs. DIRECTOR, FEDERAL BUREAU OF PRISONS served on 6/2/2014. (Falk, Kenneth) (Entered: 07/22/2014) |
| 07/22/2014 | 12 | SUMMONS Returned Executed by All Plaintiffs. DIRECTOR, FEDERAL BUREAU OF PRISONS (c/o United States Attorney). (Falk, Kenneth) Modified on 7/24/2014 (RSF). (Entered: 07/22/2014) |
| 07/22/2014 | 13 | SUMMONS Returned Executed by YAHYA (JOHN) LINDH. DIRECTOR, FEDERAL BUREAU OF PRISONS (c/o Attorney General of the United States). (Falk, Kenneth) Modified on 7/24/2014 (RSF). (Entered: 07/22/2014) |
| 07/22/2014 | 14 | ORDER granting Defendant's 10 Motion for Extension of Time. The Defendant must file a responsive pleading and respond to the Motion to Certify Class is enlarged to and including September 22, 2014. Signed by Judge Jane Magnus−Stinson on 7/22/2014. (ADH) (Entered: 07/22/2014) |
| 09/22/2014 | 15 | *Defendants'* ANSWER to 1 Complaint *and Affirmative Defenses*, filed by DIRECTOR, FEDERAL BUREAU OF PRISONS.(Kieper, Thomas) (Entered: 09/22/2014) |
| 09/22/2014 | 16 | RESPONSE in Opposition re 6 MOTION to Certify Class , filed by Defendant DIRECTOR, FEDERAL BUREAU OF PRISONS. (Attachments: # 1 Exhibit 1−Declaration of Osama Said)(Kieper, Thomas) (Entered: 09/22/2014) |
| 09/29/2014 | 17 | Unopposed MOTION for Extension of Time to December 8, 2014 to file reply to 6 MOTION to Certify Class , filed by Plaintiff YAHYA (JOHN) LINDH. (Attachments: # 1 Text of Proposed Order)(Falk, Kenneth) (Entered: 09/29/2014) |
| 09/30/2014 | 18 | ORDER − granting 17 Motion for Extension of Time to File Reply to 12/8/2014 re 6 MOTION to Certify Class . Plaintiff shall file his reply in support of his motion for class certification on, or before, December 8, 2014. Signed by Judge Jane Magnus−Stinson on 9/30/2014. (RSF) (Entered: 09/30/2014) |
| 11/14/2014 | 19 | SCHEDULING ORDER: Telephonic Status Conference set for 12/16/2014 at 11:00 AM before Magistrate Judge William G. Hussmann Jr. Signed by Magistrate Judge William G. Hussmann, Jr on 11/14/2014. (AH) (Entered: 11/14/2014) |
| 12/04/2014 | 21 | Unopposed MOTION for Extension of Time to December 29, 2014 to file reply to 6 MOTION to Certify Class *(Second)*, filed by Plaintiff YAHYA (JOHN) LINDH. (Attachments: # 1 Text of Proposed Order)(Falk, Kenneth) (Entered: 12/04/2014) |

| 12/12/2014 | 22 | ORDER granting 21 Motion for Extension of Time to File Reply. IT IS THEREFORE ORDERED that plaintiff shall file his reply in support of his 6 motion for class certification on, or before, December 29, 2014. Signed by Judge Jane Magnus−Stinson on 12/12/2014. (AH) (Entered: 12/12/2014) |
|---|---|---|
| 12/24/2014 | 23 | MINUTE ORDER for proceedings held before Magistrate Judge William G. Hussmann, Jr: Status Conference held on 12/16/2014. Plaintiff was represented by counsel, Kenneth J. Falk and Gavin Minor Rose. Defendant was represented by counsel, Jonathan A. Bont. Telephonic Status Conference set for 2/27/2015 at 03:30 PM before Magistrate Judge William G. Hussmann Jr. **SEE ORDER** Signed by Magistrate Judge William G. Hussmann, Jr. (AH) (Entered: 12/24/2014) |
| 12/29/2014 | 25 | STIPULATION , filed by Plaintiff YAHYA (JOHN) LINDH. (Falk, Kenneth) (Entered: 12/29/2014) |
| 12/29/2014 | 26 | REPLY in Support of Motion re 6 MOTION to Certify Class , filed by Plaintiff YAHYA (JOHN) LINDH. (Attachments: # 1 Exhibit BOP− total population stats, # 2 Exhibit BOP−gender stats, # 3 Exhibit Interrogatories, # 4 Exhibit Ayyad Declaration, # 5 Exhibit Batten Declaration, # 6 Exhibit Booker Declaration, # 7 Exhibit Brooks Declaration, # 8 Exhibit Bullock Declaration, # 9 Exhibit Burley Declaration, # 10 Exhibit Carr Declaration, # 11 Exhibit Chance Declaration, # 12 Exhibit Chandia Declaration, # 13 Exhibit Chesser Declaration, # 14 Exhibit Davenport Declaration, # 15 Exhibit Edwards Declaration, # 16 Exhibit Fitch Declaration, # 17 Exhibit Frazier Declaration, # 18 Exhibit Green Declaration, # 19 Exhibit Haley Declaration, # 20 Exhibit Haouari Declaration, # 21 Exhibit Hashmi Declaration, # 22 Exhibit Jackson Declaration, # 23 Exhibit Jefferson Declaration, # 24 Exhibit Jones Declaration, # 25 Exhibit Keys Declaration, # 26 Exhibit Littlejohn Declaration, # 27 Exhibit Ludke Declaration, # 28 Exhibit Malone Declaration, # 29 Exhibit Martinez Declaration, # 30 Exhibit Murad Declaration, # 31 Exhibit Paracha Declaration, # 32 Exhibit Payne Declaration, # 33 Exhibit Potts Declaration, # 34 Exhibit Pridgen Declaration, # 35 Exhibit Randolph Declaration, # 36 Exhibit Ross Declaration, # 37 Exhibit Sherifi Declaration, # 38 Exhibit Sills Declaration, # 39 Exhibit Smadi Declaration, # 40 Exhibit Smith Declaration, # 41 Exhibit Stafford Declaration, # 42 Exhibit Stanley Declaration, # 43 Exhibit Terry Declaration, # 44 Exhibit Thompson Declaration, # 45 Exhibit Turay Declaration, # 46 Exhibit Ward Declaration, # 47 Exhibit Williams Declaration, # 48 Exhibit Wilson Declaration)(Falk, Kenneth) (Entered: 12/29/2014) |
| 01/14/2015 | 27 | ORDER denying 6 Motion to Certify Class. It is undisputed that Mr. Lindh has been disciplined for wearing his pants above his ankles, but that only two of the 45 declarants assert that they have also been disciplined for violating the policy at issue. Thus, it is possible that Mr. Lindh may be entitled to certain relief that most other putative class members are not. For these reasons, the Court concludes that certification under Rule 23(b)(2) is inappropriate. The Court requests that the assigned Magistrate Judge set a case management conference with the parties. The Court also requests that the Clerk docket the applicable Practices and Procedures in this action. **SEE ORDER** Signed by Judge Jane Magnus−Stinson on 1/14/2015. (AH) (Entered: 01/14/2015) |
| 01/14/2015 | 28 | PROCEDURES AND PRACTICES before Judge Jane Magnus−Stinson. (AH) (Entered: 01/14/2015) |

**Case #: 2:14−cv−00151−JMS−WGH**